# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LUIS FERNANDO HERNANDEZ URIAS,

           Petitioner,

v.

TODD M. LYONS, et al.,

           Respondents.

No. 5:26-cv-002697-JAK (MARx)

**ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. 2)**

1

On May 19, 2026, Luis Fernando Hernandez Urias ("Petitioner"), a Mexican citizen who has been detained as part of immigration proceedings, filed a Petition for Writ of Habeas Corpus. Dkt. 1 ("Petition"). On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order. Dkt. 2 ("Application"). Through the Application, Petitioner seeks immediate release from detention, or, in the alternative, a bond hearing within seven days. Dkt. 2 at 2.

Respondents timely filed their opposition to the Application on March 22, 2026. Dkt. 10 ("Opposition"). They argue that Petitioner has failed to demonstrate irreparable harm warranting preliminary injunctive relief in light of General Order No. 26-05, but they do not address the merits of the Petition or the Application. *Id.* Petitioner did not file a reply in support of the Application.

Due to the "influx of petitions for writs of habeas corpus filed by persons seeking immigration-related relief . . . and to facilitate their expedited resolution," the Central District of California has issued General Order No. 26-05. *See* Dkt. 7 at 3. It provides for an expedited schedule for briefing the merits of petitions for writs of habeas corpus by persons in immigration detention seeking immigration-related relief. *Id.* at 4–5. Pursuant to General Order No. 26-05, a scheduling order was entered in this action on May 19, 2026. Dkt. 7 ¶¶ 3–4. It requires an Answer to the Petition by May 26, 2026, with any Reply by the Petitioner due within three days after the response is filed.[1] *Id.* This "standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.* at 5–6.

---

[1] Respondents timely filed their Answer on May 26, 2026. Dkt. 11. In their Answer, Respondents concede that Petitioner is entitled to a bond hearing. *Id.* at 2–3.

2

Petitioner has not adequately demonstrated "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Dkt. 7 at 5–6. In support of the Application, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for those alleged in the Petition itself, which arise from allegedly unlawful detention. As another court in this District has explained, "[i]f the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. . . . [A] generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Wang v. Warden of Desert View Annex Det. Facility*, 26-CV-1595, Dkt. 5 at 2 (C.D. Cal. Apr. 2, 2026).

Nearly every district judge in this District that has applied General Order No. 26-05 has declined to issue ex parte temporary injunctive relief in cases not involving a specific and individualized exigency above and beyond unlawful detention itself. *See, e.g.*, *Hoang v. Marin*, No. 26-CV-1700, 2026 WL 1045654, at *1 (C.D. Cal. Apr. 13, 2026) (Judge Birotte); *Santos-Alvarado v. Adm'r, Desert View Facility*, No. 26-CV-2286, 2026 WL 1243360, at *1 (C.D. Cal. May 4, 2026) (Judge Fitzgerald); *Glean v. ICE*, No. 26-CV-1085, 2026 WL 1123458, at *1 (C.D. Cal. Apr. 22, 2026) (Judge Garnett); *Chen v. Mullin*, 26-CV-1684, Dkt. 7, at 1–2 (C.D. Cal. Apr. 8, 2026) (Judge Scarsi); *Mughal v. Warden, Desert View Facility*, No. 26-CV-2028, 2026 WL 1196007, at *1 (C.D. Cal. Apr. 24, 2026) (Judge Slaughter); *Pastrana v. Semaia*, No. 26-CV-3880, 2026 WL 1009690, at *1 (C.D. Cal. Apr. 14, 2026) (Judge Snyder); *Higareda v. Facility Adm'r*, No. 26-CV-2664, 2026 WL 1455412, at *1 (C.D. Cal. May 19, 2026) (Judge Staton). *But see Nguyen v. ICE*, No. 26-CV-2085, 2026 WL 1196086, at *5–6 (C.D. Cal. Apr. 28, 2026) (Judge Kato) (TRO ordered in a case not involving specific and

individualized exigency, other than unlawful detention, notwithstanding General Order No. 26-05).

Based on the foregoing analysis, the Application is **DENIED**. Pursuant to General Order Nos. 05-07 and 26-05, the Petition is **REFERRED** to Magistrate Judge Rocconi for the preparation of a Report and Recommendation.

**IT IS SO ORDERED.**

Dated:  May 27, 2026

_____
John A. Kronstadt
United States District Judge

cc: Magistrate Judge Margo A. Rocconi

4