A-Number 245-968-289)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LUIS FERNANDO HERNANDEZ URIAS,

          Petitioner,

v.

TODD M. LYONS, et al.,

          Respondents.

No. 5:26-cv-02697-JAK (MAR)

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 14)**

1

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Dkt. 1, the records herein, and the Report and Recommendation of Magistrate Judge Margo A. Rocconi. Dkt. 14. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. Based on its review, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.

The Report and Recommendation: (1) grants the Petition; (2) orders Respondents to release Petitioner Luis Fernando Hernandez Urias (A-Number 245-968-289) from custody immediately subject only to the conditions of his preexisting parole, and to return Petitioner's belongings and identification documents; (3) orders Respondents to file a Notice of Compliance within 48 hours; and (4) enjoins Respondents from re-detaining Petitioner without notice of the reasons for revocation of his release, and a pre-deprivation hearing before a neutral immigration judge at which the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight such that detention is warranted. Dkt. 14 at 10–11.

Respondents object to the Report and Recommendation on three grounds: (1) the appropriate remedy in this case is a bond hearing because Respondents contend that Petitioner is a member of the class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025); (2) granting release would exceed the jurisdiction of this Court, which is circumscribed by §§ 1226(e), 1252(b)(9), and 1252(g); and (3) the Report and Recommendation erred in imposing on Respondents the burden of proving, by clear and convincing evidence, that Petitioner's re-detention is warranted. Dkt. 15 at 2–5.

The Report and Recommendation is well-reasoned and adopted; each of Respondents' arguments to the contrary is unpersuasive. *First*, it appears that Petitioner may not be a member of the *Maldonado Bautista* class. Class members are those who are

2

noncitizens and in the United States without lawful status who: (1) entered the United States without inspection; (2) were not apprehended upon arrival; and (3) were not subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time the Department of Homeland Security made an initial custody determination. *Maldonado Bautista*, 813 F. Supp. 3d at 1127. Petitioner alleges that he was "detained" shortly "after his arrival." Dkt. 1 ¶ 15. Therefore, Petitioner does not appear to satisfy the second requirement for being a member of the *Maldonado Bautista* class. Moreover, even if Petitioner were a class member, that would not preclude release from custody as an appropriate habeas remedy. As the Report and Recommendation determined, that "Petitioner could receive a post-deprivation bond hearing while in custody does not remedy the violation of Petitioner's procedural due process rights" that arose from his initial unlawful detention. Dkt. 14 at 9 (collecting cases).

   *Second*, 8 U.S.C. §§ 1226(e), 1252(b)(9), and 1252(g) do not deprive this Court of jurisdiction for the same reasons as this Court found in *Venega-Maltez v. Semaia*, No. 26-CV-525, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026). Respondents' further reliance on *Munaf v. Geren*, 553 U.S. 674 (2008) is not persuasive. Dkt. 15 at 4. The relief sought here -- an injunction barring Petitioner's re-detention unless Respondents comply with the required due process -- is not analogous to the relief sought in *Munaf*, which was "an injunction prohibiting" the United States from transferring American citizens "to Iraqi custody" for the purposes of prosecution when it was conceded that Iraq had lawful sovereign authority to prosecute them. *Id.* at 697–98. The latter relief was held unavailable through habeas, because habeas jurisdiction could not be used to "preclude[] the Executive from transferring a prisoner to a foreign country for prosecution in an allegedly unconstitutional trial." *Id.* at 695; *see also id.* at 697 ("[H]abeas is not a means of compelling the United States to harbor fugitives from the criminal justice system of a sovereign with undoubted authority to prosecute them."). Thus, *Munaf* is distinguishable.

3

*Third*, Respondents' burden-of-proof argument is unpersuasive. Dkt. 14 at 9–10 (Report and Recommendation rejecting similar arguments). Courts have recognized that procedural due process principles may require the government to bear the burden to prove by clear and convincing evidence that a noncitizen "is a flight risk or a danger to the community to justify denial of bond" in certain contexts. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (stating that "the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community" with respect to a bond hearing for a noncitizen detained for prolonged period under § 1226(c)); *Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (affirming district court's order "requir[ing] the government to show at such a bond hearing, by clear and convincing evidence, the need for Black's continued detention" under § 1226(c)); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020) (in order to justify a noncitizen's prolonged detention under § 1226(c) "the Government bears the burden of persuasion by clear and convincing evidence. That evidence must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community"). Although the issue in *Singh* arose in the context of provisions of the Immigration and Nationality Act that are not at issue in this action, its reasoning is persuasive in the context of a § 1226(a) re-detention hearing. *Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1061 (N.D. Cal. 2020) (applying *Singh* to a § 1226(a) bond hearing); *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018) (noting a "consensus view" among district courts that detention pending removal under § 1226(a) requires government to bear the burden of proof that detention is justified).

*Jennings v. Rodriguez*, 583 U.S. 281 (2018) and *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) do not warrant a different outcome. Although the statutory holding in *Singh* was abrogated by *Jennings*, "*Singh*'s holding on the [bond hearing] burden of proof was based on *constitutional* due process principles rather than any

4

interpretation of" the Immigration and Nationality Act." *Doe v. Becerra*, 704 F. Supp. 3d 1006, 1019 n.8 (N.D. Cal. 2023), *abrogated on other grounds by Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). Thus, *Singh*'s constitutional holding -- that due process requires the government to bear the burden of proof by clear and convincing evidence -- "has not been overturned." *Id.* Indeed, that holding was applied in *Martinez v. Clark*. *See* 124 F.4th at 785 ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community.").

*Rodriguez Diaz* is also distinguishable. There, a habeas petitioner who had been detained for a prolonged period pursuant to section 1226(a), sought a second bond hearing before an immigration judge at which the government would bear the burden of proof by clear and convincing evidence. *Rodriguez Diaz*, 53 F.4th at 1203. The Ninth Circuit held that "due process does not require the procedures Rodriguez Diaz would have us impose" because "Section 1226(a) offers substantial procedural protections to detained persons . . . ." *Id.* at 1193–94. The Ninth Circuit observed that section 1226(a) offered the petitioner "extensive procedural protections" in respects other than burden-shifting, "including several layers of review of the agency's initial custody determination, . . . the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202–03. *Rodriguez Diaz* also recognized that, even where such statutory protections are available, greater protections may be constitutionally necessary in individual cases where the risk of an erroneous deprivation of liberty is particularly high. *See id.* at 1211–12. As another district court concluded, *Rodriguez Diaz* "held only that a noncitizen detained under section 1226(a) does not have a right to a *second* bond hearing when the only changed material condition since their first bond hearing is the duration of their detention." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

5

The circumstances presented in this action are distinguishable from those in *Rodriguez Diaz*. Thus, Petitioner has been denied the procedural protections provided by § 1226(a) because he has not yet received even an initial bond hearing. Moreover, Petitioner was previously released from custody "after [his] initial apprehension [which] reflected a determination by the government that []he was neither a flight risk nor a danger to the community . . . ." *Pinchi*, 792 F. Supp. 3d at 1034 (citing 8 C.F.R. § 1236.1(c)(8)). Accordingly, "Petitioner has presented sufficient evidence and argument to show that this is not a case where the review process for determination of release on bond followed its 'ordinary course' under the statutory and regulatory scheme normally applicable to detention under § 1226(a)." *Zaitsev v. Warden*, No. 26-CV-454, 2026 WL 1047942, at *6 (C.D. Cal. Apr. 15, 2026). Because Respondents have now initiated a new detention process, it is appropriate that they should be required to bear the burden of providing justification for the re-detention. *Accord Garcia v. Chestnut*, No. 25-CV-1907, 2025 WL 3771348, at *11–12 (E.D. Cal. Dec. 31, 2025) (distinguishing *Rodriguez Diaz* and shifting the burden to the Government in a section 1226(a) bond hearing); *M.R.R. v. Chestnut*, No. 25-CV-1517, 2025 WL 3265446, at *13–14 (E.D. Cal. Nov. 24, 2025) (same).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Therefore, **IT IS ORDERED** the Report and Recommendation of the Magistrate Judge is **ACCEPTED AND ADOPTED**. Judgment will issue separately. The Clerk shall forthwith serve a copy of this Order, the Magistrate Judge's Report and Recommendation, and the separately filed Judgment on Petitioner, on counsel for the parties in this action.

**IT IS SO ORDERED.**

Dated:  June 10, 2026

_____

John A. Kronstadt
United States District Judge

cc: Magistrate Judge Margo A. Rocconi

7